## ADAIR *et al. vs.* DAVIS.

A voluntary settlement by a husband on his wife, not recorded within three months from its date, has no force against a purchaser who becomes such before the actual recording of the same, *bona fide*, and without notice, but it takes precedence of a deed for value made after its actual record.

February 9, 1884.

Husband and Wife. Title. Registration. Notice. Before E. N. BROYLES, Esq., Judge *pro hac vice.* Fulton County. At Chambers. February 19, 1883.

Mrs. Mary A. Davis filed her bill against George W. Adair, the Cincinnati and Georgia Railroad, and others, claiming a one-ninth interest in a certain lot, with the improvements thereon, and alleging that the railroad company had purchased it and were proceeding to tear down the residence thereon. The prayer was for injunction, and for a sale of the property, and payment to her of her interest in the proceeds.

The railroad company denied her title, charged that the deed under which she claimed was obtained from her husband by fraud, and that she was a mere volunteer, and the company was a *bona fide* purchaser without notice.

The deed under which Mrs. Davis claimed was made to her by her husband. It was dated January 10, 1874, and recorded July 14, 1874. The deed from Davis under which the company claimed was dated September 13, 1881. Mrs. Davis testified that she paid her husband for the deed, and was in possession. Defendants insisted that this was not true, and that she had no money to pay with, and never asserted any acts of ownership.

The court charged, in effect, that if the deed was without fraud, and the grantor was of sound mind, it made no difference whether the deed was for value or voluntary; and that if it was voluntary, but was recorded before the purchase by the railroad, it would be notice to the company. It was agreed that a money verdict might be found,

if the jury found for the complainant. They found for complainant $464.45   Defendants moved for a new trial on several grounds. the controlling one being the giving of the charge above stated.   The motion was overruled, and defendants excepted.

JOHN COLLIER; MYNATT & HOWELL, for plaintiffs in error.

T. P. WESTMORELAND, for defendants.

JACKSON, Chief Justice.

The question on which this case turns is, does a voluntary settlement by a husband on his wife, recorded not within three months from date, as prescribed by statute (Code §1778), but actually recorded before a deed to a purchaser for value by the husband, take or prevail, in preference to the deed for value?   It seems to us that the statute itself answers the question in favor of the voluntary settlement of the husband.   It declares that, on failure to record within three months, "such contract or settlement shall not be of any force or effect against a purchaser or creditor or surety, who, *bona fide* and without notice, may become such before the actual recording of the same."   It is the actual recording before the purchase that makes the settlement valid against the purchase.   It is on the ground doubtless, that such actual recording is in contemplation of law actual notice to the purchaser, and he is charged with that notice.   And such seem to be the rulings of this court.   25 *Ga.*, 276; 29 *Ib.*, 405; 20 *Ib.*, 210.

Judgment affirmed.